(174 App. Div. 209)

KOLBRENER v. BOB et al.

(Supreme Court, Appellate Division, First Department. October 20, 1916.)

1. LANDLORD AND TENANT &⇒165(4)—INJURIES TO PERSONS—DEFECTS IN BUILDING—LIABILITY.

For injuries from the use or nonuse of a door at a hatchway, required by Building Code, § 95, by the employés of a subtenant over whom the lessee could exercise no control, he is not liable, but for failure to provide such a door, or, having provided it, to replace it or keep it in working order after actual or constructive notice of disrepair, such lessee is liable if the failure is the inducing cause of the accident.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 640; Dec. Dig. &⇒165(4).]

2. LANDLORD AND TENANT &⇒169(5)—INJURIES TO PERSONS—ACCIDENTS—EVIDENCE—ADMISSIBILITY.

In an action against the lessees for injuries during business hours to a casual employé of a subtenant, caused by a bale of goods which fell through a hatchway, evidence as to whether a trapdoor was provided, as required by Building Code, § 96, was irrelevant, since the law did not require that such door should be closed during business hours.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 645, 665, 683; Dec. Dig. &⇒169(5).]

Appeal from Trial Term, New York County.

Action by Peter Kolbrener against Herman D. Bob and another. From a judgment for plaintiff and order denying a motion for new trial, defendants appeal. Reversed, and new trial granted.

See, also, 169 App. Div. 350, 154 N. Y. Supp. 481.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, DOWLING, and SMITH, JJ.

James J. Mahoney, of New York City, for appellants.
Moses Feltenstein, of New York City, for respondent.

SCOTT, J. [1] The plaintiff has recovered damages for injuries sustained by him in consequence of being struck by a bag or bale of

goods while he was lawfully passing under a hatchway in a loft building in the city of New York. There is no question in the case of his negligence, nor is there any doubt that he suffered damage, although we have already decided, in effect, upon a former appeal, that a verdict for the same sum which he has now recovered is excessive. The question which remains is whether or not the defendants are liable to him for any damages at all, and that question lies within a very narrow compass. The building in question is a seven-story loft building, and defendants are the general lessees of all above the first story, and these six lofts or stories they sublet to different tenants. The immediate cause of the accident appears to have been the negligence of the servants of a subtenant occupying a part of the sixth loft. The sole ground upon which it is possible to hold these defendants as concurrently liable is that they have failed to maintain the hatchway in a safe condition because they had not maintained a proper door at the opening into the hatchway at the sixth loft or story. That duty seems to be required of them by section 95 of the New York City Building Code. While it is doubtless true that the primary purpose of requiring such a door to be provided is for protection in case of fire, it is clear that the presence and use of such doors would tend, in a considerable degree, to avoid accidents such as befell this plaintiff. For its use or nonuse by the employés of a subtenant over whom the defendants could exercise no control they would not be liable, but for failure to provide such a door, or, having provided it, for failure to replace it or keep it in working order after notice, actual or constructive, that it had been removed or put out of order they would be liable, providing such failure was shown to be the inducing cause of the accident. It appears to be well established that the hatchway was originally provided with a suitable door, but there was some evidence from which the jury might have found that the door had been taken away or put out of order, and that the defendants had been notified of that fact.

[2] A large amount of testimony was allowed to be introduced on the question whether or not a trapdoor had been provided, as required by section 96 of the Building Code. It was all irrelevant, and could have served only to confuse the jury, because, as was expressly pointed out by this court on a former appeal (169 App. Div. 350, 154 N. Y. Supp. 481), whether or not a trapdoor had been provided was irrelevant, because the law did not require that it should be closed during business hours, which would have covered the time of the happening of the accident. The court also permitted to be read in evidence, over defendants' objection and exception, the record of the disapproval by some one in the department of buildings of a proposed change of plan, having no connection whatever with the only defect which could fasten liability on defendants. It is true that the jury was afterwards directed to disregard the evidence, but we are not satisfied that this cured the error. Finally, the cause was submitted to the jury solely upon the question whether or not the defendants had exercised reasonable care, with no reference whatever to the real question in the case as above indicated.

Apart from the amount of the damages, the only question in the case is as to the compliance or noncompliance by defendants with the requirements of section 95 of the Building Code, and whether or not that noncompliance, if found to exist, was the procuring cause of the accident. Apart from the requirements of the Building Code, there is no question of reasonable care in the case.

Judgment and order reversed, and new trial granted, with costs to appellant to abide the event. Order filed. All concur.